UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO: 8:23-cr-151-CEH-JSS

DEMPSEY EMMANUEL
GILMORE
_____/

### REPORT AND RECOMMENDATION

Defendant Dempsey Emmanuel Gilmore is charged with threatening to murder a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B). (Dkt. 1.) He has filed a Motion to Dismiss on the grounds that the Indictment fails "to state an offense and because the statute under which it is brought is unconstitutional as applied." (Motion, Dkt. 27 at 1.) The Government has responded in opposition. (Dkt. 30.) Upon consideration, the undersigned recommends that Defendant's Motion be denied.

### BACKGROUND

In May 2023, the Government charged Defendant in a one-count Indictment for violating 18 U.S.C. § 115(a)(1)(B) by threatening to murder an Assistant United States Attorney. (Dkt. 1.) The Indictment reads as follows:

> On or about March 9, 2023, in the Middle District of Florida, the defendant, DEMPSEY EMMANUEL GILMORE, willfully and knowingly did threaten to murder a Federal law enforcement officer, with intent to impede, intimidate, and interfere with such law enforcement officer while engaged in the performance of

> official duties, and with intent to retaliate against such law enforcement officer on account of the performance of official duties, to wit, DEMPSEY EMMANUEL GILMORE threatened to murder Assistant United States Attorney S.B. for the Middle District of Florida.
>
> In violation of 18 U.S.C. § 115(a)(1)(B).

(Dkt. 1 at 1–2.)

Defendant argues that the Indictment in this case is defective because it "alleges a specific intent other than an intent to threaten." (Dkt. 27 at 1.) He relies upon the recent decision of the United States Supreme Court in *Counterman v. Colorado*, 143 S. Ct. 2106 (2023), which holds that the First Amendment requires the Government to prove, in a "true threats" prosecution, that the defendant subjectively understood the threatening nature of his statement. *Id.* at 2115.

The Government responds that the Indictment is sufficient because it follows the language of the statute, "clearly states the offense of the defendant threatening to murder a federal law enforcement official," and that "the *Counterman* holding does not affect this prosecution since there is already a specific intent element as part of the statute." (Dkt. 30 at 2, 4.) For the reasons set forth below, the undersigned agrees and recommends that the Motion be denied.

## ANALYSIS

An indictment must set forth the essential elements of the offense charged. *United States v. Fern*, 155 F.3d 1318, 1324–25 (11th Cir. 1998). This rule serves the purposes of (1) informing the defendant of the nature and cause of the accusation, as required by the Sixth Amendment; and (2) ensuring a grand jury found probable cause

to support all the necessary elements of the crime, as required by the Fifth Amendment. *Id.* at 1325. "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (quoting *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)).

In this case, Defendant is charged with violating 18 U.S.C. § 115(a)(1)(B). (Dkt. 1.) That statute provides, in relevant part, "Whoever . . . threatens to . . . murder . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such . . . law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such . . . law enforcement officer on account of the performance of official duties, shall be punished . . . ." 18 U.S.C. § 115(a)(1)(B). Thus, in order to sustain a conviction, the Government is required to prove that the defendant acted with the "intent to impede, intimidate, interfere with . . . such law enforcement officer" or "with intent to retaliate against such . . . law enforcement officer." As such, 18 U.S.C. § 115(a)(1)(B) explicitly provides that a defendant act with specific intent.

After considering the Indictment against the language of the statute, the undersigned finds that the Indictment is sufficient. The Indictment tracks the language of the statute and articulates all the necessary components for Defendant to be on notice of the time, place, and conduct involved in the charge. *See Sharpe*, 438 F.3d at 1263. Additionally, the Indictment specifically mentions a willful and knowing threat to murder. (Dkt. 1 at 1.)

Moreover, the undersigned finds that *Counterman* does not apply to Defendant's case, and therefore, that 28 U.S.C. § 115(a)(1)(B) is constitutional as applied to Defendant. In *Counterman*, which was issued after the Government secured the Indictment in this case, the Supreme Court examined whether the First Amendment required proof of a defendant's subjective state of mind in a prosecution involving true threats, and if so, what standard of *mens rea* was sufficient in such a prosecution. 143 S. Ct. 2106. In holding that the First Amendment requires the State to prove that a defendant had "some subjective understanding of the threatening nature of his statements," the Court concluded that in order to convict the person in a "true threats" case, "a mental state of recklessness is sufficient." *Id.* at 2111. As such, the government need only prove "that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Id.*

Notably, *Counterman* involved a Colorado stalking statute that lacked a subjective mental state requirement. *Id.* at 2112. Whereas the provision at issue here, 18 U.S.C. § 115(a)(1)(B), includes an express subjective *mens rea* component, as noted above. As a result, indictments tracking § 115(a)(1)(B)'s statutory language do not suffer from the same issues resolved by *Counterman*. *See United States v. Yu*, No. 22-cr-208, 2023 WL 4687970, at *17 n.26 (E.D.N.Y. July 21, 2023) (noting that while "the Supreme Court recently clarified in *Counterman v. Colorado* that the First Amendment imposes a *mens rea* requirement—specifically, recklessness—on true-threat offenses . . . . *Counterman* does not change the analysis here, since the federal witness retaliation

4

statute has a *mens rea* element of specific intent"). Thus, because the element of scienter, which the Supreme Court stated was required by the First Amendment, is present in the express terms of the statute by which Defendant is charged, the undersigned finds § 115(a)(1)(B) constitutional as applied to Defendant. *See United States v. Veach*, 455 F.3d 628, 633 (6th Cir. 2006) ("Not only does § 115(a)(1)(B) require the government to prove beyond a reasonable doubt that the defendant threatened certain action against a government official but also that the defendant made such a threat for the specific purpose of interfering with the performance of official duties or of retaliating for the performance of such duties.").

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Dkt. 27) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on August 11, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.